DISSENTING OPINION.
Littléeord, J.
I am compelled to dissent from the opinion affirming the judgment below.
In a negligence case involving contributory negligence the court is bound to give to the jury, somewhere in its charge, two separate instructions—first, that the plaintiff can not recover unless he has proved that his injury resulted directly from the negligence of the defendant alleged in the petition, and second, that the plaintiff can not recover if his own negligence contributed directly to this injury. Neither of these propositions were laid down separately anywhere in the general charge of the court in this case, but they were both woven together in one sentence, where the court says:
“If you should find from the testimony the elevator was in good condition at the time of the accident, in good repair, not out of repair, that the conduct of the operator, -was in all respects what it should have been, that there was no negligence anywhere on the part of the defendant or his employes, that the accident was caused entirely by the want of due care *591 on the part of the plaintiff, then of course the plaintiff can not recover.” Record pp. 363, 364.
This charge is misleading because a jury might well understand from it that if the defendant, being without negligence, can show that the accident was caused entirely by the plaintiff’s negligence, then the defendant is entitled to a verdict. This charge is quite like the charge given in Railway v. Whittaker, 24 O. S., 642, which was held to be error, even although the jury was correctly charged in another part of the charge. In the case before us the jury were not correctly charged on the two essential points referred to above in any part of the court’s charge, the nearest approach being the statement that if there was concurrent negligence (record, 357), the plaintiff could not recover. This omission was prejudicial error, and the giving of that part of the general charge quoted above was also prejudicial error.
In the next place the court instructed the jury that they had the right to find that certain conditions “excuse any negligence” on the part of the plaintiff. No language like this will be found in any case in Ohio. The negligence of the plaintiff may not cut •any figure because it does not contribute directly to the accident, but if it does amount to contributory negligence, the jury have no right to find that on account of surrounding conditions it ought to be excused and eliminated from the ease.
It will not do in this case to .say that even if the charge is somewhat mixed on the subject of contributory negligence, still there was no harm' done because there was no evidence in the case of negligence on the part of plaintiff below. There was evidence tending to show contributory negligence on his part. Frank walked into an open elevator shaft in broad daylight, looking “straight ahead,” although he knew the elevator man was out in the hall behind him. If a person chooses to take the risk of stepping into the cab of an elevator where he knows there is no attendant, he ought at least to look and see if the cab is really there. It seems to me that the evidence on this point is such that different minds would reach different conclusions with *592 reference to Frank’s carelessness in the premises, and that it will not do to say that, as a matter of law, he was exercising due care.
Again, the court charged that ordinary care is the care which a prudent person is accustomed to exercise under like circumstances. That is not correct. Ordinary care is the care which persons of ordinary prudence are accustomed to exercise. Railroad v. Moreland, 12 Cir. D., 604.
Charge No. 10, which plaintiff in error insists should have been given, was properly refused because the word "directly” is omitted before the word "contributed.” In other words, plaintiff’s action is not defeated merely because his negligence contributed somewhat to an accident, but it 'must contribute directly to amount to contributory negligence. 60 O. S., 215, 220; 21 C. C., 220.
I do not wish to prolong this dissenting opinion by discussing all the points raised, but on account of the above errors I think this case should- be reversed.